JULIUS GERENDASY, RELATOR, v. POLICE AND FIRE DE-
PARTMENTS PENSION COMMISSION OF THE CITY OF
ELIZABETH, RESPONDENTS.

Argued May 1, 1943—Decided June 7, 1943.

Before Justice CASE, sitting alone, pursuant to the statute.

For the applicant, *Emanuel Wagner*.

For the respondent, *Raymond A. Leahy*.

The opinion of the court was delivered by

CASE, J.    Petitioner is a practicing physician.    He was
appointed physician to the police department of the City of
Elizabeth on February 11th, 1920, and continuously since
then has held the position and honorably performed the ser-
vices and received the emoluments thereof.    He is now past
the age of fifty years, has made application for retirement on
half pay and has been refused by the Police and Fire Depart-
ments Pension Commission of the City of Elizabeth.    The
parties have come before me on this application, have agreed
upon this procedure and have stipulated that all of the alle-
gations in the petition are true except any allegation that
Gerendasy, in becoming police physician, thereby became a
"member" of the police department.    It is further stipulated
that "if the court finds the relator to be a member of the
police department he is entitled to a writ of *mandamus* direc-

ing the commission to retire him on pension." It is the conception of both parties that if it results from the facts that Gerendasy is to be considered a member of the department he is entitled to be retired on pension.

The pertinent statute is *R. S.* 43:16-1 (source, chapter 160, *Pamph. L.* 1920 (at *p.* 324): "* * * any policeman or fireman or member of the police or fire department * * * who shall have served honorably in the police or fire department for a period of twenty years, and reached the age of fifty years, shall, on his own application, be retired on half pay. * * *."

The voters of the City of Elizabeth adopted, at a general election held on November 3d, 1914, the provision of chapter 95, *Pamph. L.* 1909. Pursuant thereto, on or before January 1st, 1915, a Board of Police Commissioners was appointed, organized and entered upon its duties, *inter alia,* of appointing and dismissing employees, officers and members of the police department. On November 4th, 1913, the voters of the city adopted the provisions of chapter 156, *Pamph. L.* 1908, which brought the employees of the city within the application of the "Civil Service Act." There came a vacancy in the position of police department physician and the Civil Service Commission thereupon, February 11th, 1920, notified the Board of Police Commissioners that the position had been classified in the non-competitive class. On that day the board adopted a resolution appointing Gerendasy "as police physician to the police department at a salary of $500 per annum, to take effect from February 1st, 1920." The Civil Service Commission approved the appointment, and Gerendasy's service has been continuous on that appointment, with increases in compensation.

Industrious search has failed to disclose the then extant ordinance or other action by the Board of Police Commissioners establishing the police department. That particular record appears to have been lost or destroyed and its absence is satisfactorily explained. But there are other records which sufficiently establish Gerendasy's status and, inferentially, that there was an ordinance which included the police physician as a member of the department. On January 8th,

1920, a salary resolution was passed entitled "resolution respecting the salaries of members of the Elizabeth Police Department," providing that "the members hereinafter mentioned shall receive the following sums as compensation for their services" and thereupon fixing the minimum and maximum amounts for all members of the department and in the following order: Chief of police, captains of police, detective sergeants, detectives, sergeants, license sergeant, patrolmen (of three separate grades), matron, *police physician*, secretary of the board. On January 12th, 1922, and January 8th, 1925, similar resolutions were adopted "respecting the salaries of members of the Elizabeth police department" and both of them included the police physician.

On January 22d, 1925, the Board of Police Commissioners adopted a new police department ordinance entitled "An Ordinance to establish police department of the City of Elizabeth" and provided therein: "Section 1. There is hereby established a police department which shall consist of the chief of police, four captains of police, sergeants, round sergeants, detective sergeants, detectives, patrolmen, policewoman, doorman, department electrician, janitor and police physician, who shall be known as the 'Police Department of the City of Elizabeth.' " The board amended that ordinance on December 10th, 1925, without changing the status of the physician; and on April 25th, 1941, it passed a new general ordinance, again enumerating those who were to constitute the department and including therein, as theretofore, the police physician.

Respondent presents no argument except that no reported cases have been found which involve retirement on pension of one who has not rendered full time service to the department; whereas the applicant herein has admittedly practiced privately in addition to his department work. I have been referred to no statutory provision, departmental regulation or court decision which draws that distinction on the present issue. It is not suggested that Gerendasy's private practice interfered with his duties in the department.

I find that Gerendasy, as police physician, is and was a member of the police department and that he has served

honorably therein for a period of twenty years and has reached the age of fifty years. The fact that one appointed to the permanent force as a member thereof is not delegated to duties in the police department as a policeman or in the fire department as a fireman does not exclude him from the benefits of this Pension Act. *Sheehan* v. *Lee,* 96 *N. J. L.* 341; *Van Horn* v. *Donnelly,* 96 *Id.* 345.

No deductions have been withheld from Gerendasy's salary for the pension funds, *R. S.* 43:16-5; but the duty of withholding the percentage is upon the municipal officer and not upon the member of the force, and the failure of the municipal officer to discharge that function may not defeat the right to pension. *Whalen* v. *Pension Commission,* 7 *N. J. Mis. R.* 964; *affirmed,* 107 *N. J. L.* 198. Gerendasy offers to pay into the pension fund an amount equivalent to what should have been deducted by the municipal disbursing officer under the statute, together with lawful interest thereon. Upon his doing so a peremptory writ of *mandamus* may be issued. No costs are allowed.