56 N.J. Super. 556 (1959)
153 A.2d 385
THE BOARD OF EDUCATION OF THE CITY OF LINDEN, IN THE COUNTY OF UNION, A CORPORATION, PLAINTIFF,
v.
CATHERINE L. LIEBMAN, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 7, 1959.
*557 Messrs. Magner & Abraham (Mr. Sam J. Abraham appearing), attorneys for plaintiff.
Mr. Meyer W. Jaffe, attorney for defendant Catherine L. Liebman.
Mr. David D. Furman, Attorney General (Mr. Frank A. Verga, Deputy Attorney General appearing), attorney for defendants Teachers' Pension and Annuity Fund, et al.
SCHERER, J.S.C.
Plaintiff seeks a declaratory judgment determining its rights and obligations and those of the defendants and, in particular, whether the amount necessary to be contributed to the Teachers' Pension and Annuity *558 Fund (hereinafter called the "Fund"), a corporation of the State of New Jersey, in order that the defendant Catherine L. Liebman may receive a pension from the Fund, should be contributed by it or by her, and, in either case, what the amount of the contribution shall be. Mrs. Liebman counter-claimed, alleging that she was at all times willing to make contributions to the Fund, but that as a result of the negligence of the plaintiff pension payments were not deducted from her salary, although the statute then and now in effect required that the plaintiff make such deductions from the salaries of its teachers. Mrs. Liebman contends that plaintiff, therefore, should be required to contribute to the Fund such amount as is necessary to enable her to receive the pension to which she would ordinarily be entitled by reason of her service. The Fund and the other defendants insist that Mrs. Liebman is entitled to a pension, provided the proper amount is paid to the Fund, and that the State Board of Education was entirely within its rights in withholding the sum of $11,958.99 from state school moneys payable to plaintiff until such time as the default with respect to Mrs. Liebman's pension is remedied.
The statute creating the "Teachers' Pension and Annuity Fund," at the time Mrs. Liebman became a teacher in the plaintiff's educational system, was R.S. 18:13-24 et seq. This statute has since been repealed and superseded by N.J.S.A. 18:13-112.1 et seq. Admittedly, Mrs. Liebman made no contributions to the Fund, but her claim is that the plaintiff's wrongful acts in failing to withhold from her monthly salary checks the amount required by law deprived her of the benefits which she otherwise would have enjoyed. This being so, she alleges that whatever contribution is presently due the Fund must be paid by plaintiff because it is as a result of its negligence that she is in her present predicament.
The State waived its right to immunity from suit (Taylor v. New Jersey Highway Authority, 22 N.J. 454 (1956); Gruschow v. New Jersey State Highway Department, 56 *559 N.J. Super. 146 (App. Div. 1959)), in order that this matter, which apparently affects numerous individuals throughout the State of New Jersey, could be heard on its merits.
The material facts in this case are not in dispute. Mrs. Liebman, who is now 67 years of age, was first employed in 1910 as a teacher in the public schools of the City of Elizabeth. She taught for a period of over four years and then resigned to be married. She had no intention at that time of ever returning to the teaching profession. She was a member of the then Teachers' Pension Fund and contributions were taken out of her salary. Membership in the fund then, as now, and at all times while she was teaching, was compulsory by law. When she resigned she attempted to withdraw from the fund the amount of her contribution, but because that fund was in precarious financial condition she was told that no money was available. The fund subsequently became actuarially unsound.
A new fund was established by R.S. 18:13-24 et seq., effective April 10, 1919 (L. 1919, c. 80). This latter statute, with amendments, continued in full force and effect until the passage of L. 1955, c. 37, effective January 1, 1956. The latter statute repealed the 1919 act, but it was provided in N.J.S.A. 18:13-112.5 that, although sections 24 to 110 inclusive of chapter 13 of Title 18 were repealed, "Any benefits and allowances granted under the statutes repealed by this section prior to the effective date of this act shall be continued in the same manner and under the same conditions as originally granted." Both the 1919 and 1955 acts required the employer to deduct from the compensation of each teacher on each and every payroll the amount certified by the board of trustees of the pension fund as being that person's proper contribution. R.S. 18:13-75 and N.J.S.A. 18:13-112.34. The funds so deducted by the employer were formerly required to be transmitted to the State Treasurer, and now to the board of trustees of the Fund. Both statutes provide that in default of so doing the State *560 Board of Education has the right to withhold school moneys from the district board until the default is made good. R.S. 18:13-94 and N.J.S.A. 18:13-112.34.
Mrs. Liebman resumed teaching in 1925 as a substitute. She returned to full-time teaching on March 1, 1926. The 1919 act was thus applicable to her. As of the latter date, deductions should have been made from her salary. She continued as a teacher in the plaintiff's school system until March 31, 1956. She testified that when she received her first full-time teaching salary check in 1926, she noticed that no deduction had been made for the pension payment. Because of her membership in the prior fund, she knew that a deduction should have been made. She says that she went to the then school principal and called it to his attention, and he told her that he would take it up with the proper authorities. Thereafter, according to her story, he told her that there were others in the Linden schools similarly situated and that she would be taken care of. Nothing further was done about the matter by her, and plaintiff made no deduction from her salary up to the date of her retirement. She says that she thought it was up to the school authorities to take care of it and so, aside from the one discussion with her then school principal sometime in April 1926, she never thereafter up to 1956 discussed the matter with any other official of the school system or the board of education. There is no proof to indicate that her school principal advised her that deductions were not required, nor that he had any authority to in any way bind the plaintiff.
The pension system was integrated with federal Social Security by the provisions of L. 1955, c. 37. When this occurred, Mrs. Liebman said she was told by the assistant superintendent of schools that she would have to retire as of March 31, 1956, in order to secure coverage under both the Fund and Social Security. Acting on this advice, she said that she sent in a letter of resignation, dated March 15, 1956, prepared by the assistant superintendent, requesting *561 retirement as of that date, although actually she had not intended to retire until some later date. Her annual salary at that time was $5,200. She then filled in forms secured by the plaintiff's clerk from the officials of the Fund, which forms were filed with the Fund. Upon receipt thereof, the officials of the Fund notified plaintiff's secretary that, in order to establish a pensionable credit for Mrs. Liebman, $11,958.99 was required to be paid in a lump sum. Simultaneously, the Fund advised Mrs. Liebman that, in order to protect her rights, she was enrolled in the Fund as of March 1, 1956, and that she should remit $39.04, which would be her monthly contribution for March 1956. On August 23, 1956 the Fund further advised Mrs. Liebman that her service retirement had been granted as of April 1, 1956, but that complete processing of her case could not be accomplished until plaintiff made the necessary payment to the Fund.
Mrs. Liebman is relying, among other things, as the basis for her claim, upon a letter to her from the Fund, dated May 28, 1956, stating that the plaintiff is responsible for the payment of the necessary funds. The letter contains the following sentence:
"Since the Secretary of your Board in 1926 did not report your appointment to this office within 10 days thereafter, as was required by law, your employers are considered responsible for establishing pensionable credit in your behalf for your service from September 1926 to March 1, 1956, the date of your enrollment." (Emphasis supplied)
This letter does not, as a matter of law, establish any responsibility on the plaintiff to make the payment unless it is otherwise required to do so. Since the plaintiff has refused to make the required payment, the State Board of Education, pursuant to N.J.S.A. 18:13-112.34, has withheld from its school moneys the sum of $11,958.99.
All parties agree that it was, and is, the duty and responsibility of the employer to deduct the pension payments under both the 1919 and 1955 acts, and that under each a *562 person in accepting employment is deemed to consent and agree to any deductions from compensation required to make the necessary payments to the Fund. R.S. 18:13-92 and N.J.S.A. 18:13-112.32. The same provision apparently was also contained in the 1907 statute. Allen v. Board of Education of City of Passaic, 81 N.J.L. 135 (Sup. Ct. 1911), affirmed o.b. 84 N.J.L. 402 (E. & A. 1913). Mrs. Liebman argues that since the plaintiff under the 1919 statute was charged with the mandatory duty of making the deductions, which it failed to do, and since it also, as a preliminary to the deductions, failed to register her appointment with the Fund, it prejudiced her rights and thus should be required to make the contribution. It is stipulated that the payment necessary to provide a service retirement allowance, with interest, as of May 5, 1959, is $5,583.56.
I have no doubt, despite Mrs. Liebman's denial, that she knew down through the years that she should have been contributing to the Fund in order to claim benefits thereunder. Perhaps she might not have made any claim against the Fund at all if it had not been pointed out to her at the time of her retirement that she was entitled to become a member and that the token payment of $39.04 would establish her membership. I believe that she was aware of the fact, as admitted by the plaintiff, that several other teachers formerly in the Linden school system, who had been employed by it prior to 1919, were receiving non-contributory pensions. These teachers, however, were being paid pursuant to N.J.S.A. 43:8B, entitled "County, Municipal and School District Pensions," which provides in section 2 that any employee who is not a member, "and was not required by law at the time of appointment or employment, or at any time thereafter, to become a member of a contributory retirement system, may, at the discretion of his employer," be retired and granted a pension under the provisions of the last cited statute. Payments of these pensions are made out of the general budget of the employer. *563 It is clear that Mrs. Liebman is not entitled to a pension under that statute because at the time she became a member of the Linden school system she was required by law to join a contributory retirement system. By virtue of the provisions of R.S. 18:13-37, she became a "Class A" member of the Fund in 1926. Her statements, that she did not hear pension problems discussed by other teachers in her school and did not read the literature distributed by the various teachers' organizations to which she admittedly belonged and whose meetings she attended, I find difficult to accept. I am convinced that she was aware at all times of the fact that she should have been contributing if she desired membership.
Although the plaintiff was under an obligation to make deductions from Mrs. Liebman's salary, its failure to do so does not subject it to the penalty of now being required to reimburse the Fund for such amounts as Mrs. Liebman would have contributed if proper deductions were made. The statutes cited above provide only that the failure of any district board to comply with the provisions of this law constitutes a default, giving the State Board of Education the right to withhold moneys from the district until the default is made good. The present statute contains a similar provision. The money withheld is not directed to be used to remedy the default.
It must be borne in mind that the State also contributes a substantial amount to this Fund for the benefit of teachers. For example, in the case of Mrs. Liebman, although the contribution necessary to provide her with a "Class A" credit is $5,583.56, the state will also contribute to the Fund for her benefit the sum of $17,426.61. I can find no merit in the argument that the taxpayers should in addition be saddled with Mrs. Liebman's contribution, particularly since, from her prior experience, she knew, or should have known, that she was required to make contributions.
A finding that the plaintiff is not required to make its employee's contribution to the Fund is supported by the *564 decided cases. In Gerendasy v. Police & Fire Departments Pension Commission of City of Elizabeth, 130 N.J.L. 226 (Sup. Ct. 1943), and Caronia v. Police & Fire Pension Commission of Orange, 18 N.J. Super. 149 (App. Div. 1952), the plaintiffs sought to be enrolled in pension funds to which they had made no contribution. In each instance, the court decided that plaintiffs were members of the respective pension funds, but it required the plaintiff to pay into the fund such sums as should have been deducted from his salary. The municipality was not in either case required to pay the amount necessary to establish the pension, even though in each case it had failed to make the deduction required.
Mrs. Liebman argues that, since the preamble to the 1919 pension fund act establishes, as a matter of state public policy, that teachers in the public schools should be given protection against disability and old age, and since presumably she will find it difficult to make a lump sum payment of $5,583.56, the municipality should be required to make the payment. There is no proof that she is unable to pay, but, assuming that she is, the present act contains a provision for just such a situation. N.J.S.A. 18:13-112.12 states that any teacher who was employed as such prior to the effective date of the 1955 act, and who did not join the prior fund, may join at any time "upon paying such arrears over a period of not more than 10 years in regular installments, with interest." The person so joining is given full annuity credit for the period of employment. It is obvious, therefore, that Mrs. Liebman is not precluded from securing benefits under the statute.
The plaintiff argues that Mrs. Liebman waived her rights under the statute. A person may waive statutory provisions for his benefit only if they do not involve considerations of public policy. Magna Mfg. Co., Inc. v. Aetna Casualty & Surety Co., 129 N.J. Eq. 142, 147 (Ch. 1941). There is no proof that Mrs. Liebman waived her rights, but in fact the proof is to the contrary.
*565 Mrs. Liebman argues that the plaintiff is estopped from demanding contributions from her. But, plaintiff is not making the demand. The Fund is requiring it as a condition precedent to her receiving a pension. While it is true that an estoppel may be worked against a municipality in a proper case (Johnson v. Hospital Service Plan of New Jersey, 25 N.J. 134, 143 (1957)), that doctrine is not applicable here. The municipality is not required by the statute to make the payment due. This must come from the teacher. And there is no proof that she has changed her position to her detriment, relying in good faith upon any act of the plaintiff. There is no reason to invoke an estoppel against the plaintiff. 3 Pomeroy's Equity Juris. (5th ed.), sec. 804, p. 188.
Finally, Mrs. Liebman argues that the suit should be dismissed as it does not set forth a cause of action. This defense is without any merit. The suit is one for declaratory judgment under N.J.S. 2A:16-50 et seq. A more appropriate use of the provisions of that statute would be difficult to find. This type of controversy, which is a bona fide adversary proceeding, can be most expeditiously and effectively handled in this fashion and thus prevent a multiplicity of actions. National-Ben Franklin Fire Ins. Co. v. Camden Trust Co., 21 N.J. 16 (1956).
I find that Mrs. Liebman was a member of the Fund during her employment by virtue of the statute then in effect (R.S. 18:13-92), which provided that, upon the employment of any teacher, he or she was required to be informed by the employer of his or her duties and obligations in connection with the retirement system as a condition of employment, and every teacher accepting employment was deemed to consent and agree to deductions from compensation. The mere failure of the plaintiff to carry out its duty did not deprive Mrs. Liebman of her membership. A similar provision is found in the present statute (N.J.S.A. 18:13-112.32 and 112.34). When she pays into the Fund the amount required, she will be entitled to receive benefits. *566 Since the State has now fixed the amount necessary to be contributed in order to provide payment of her service retirement allowance, there would seem to be no reason for the State Board of Education withholding the entire sum of $11,958.99, and it ought to make available to the plaintiff the difference between that sum and the sum now fixed as being due.
A judgment will be entered establishing that Mrs. Liebman is a member of the Fund and entitled to pension rights, in accordance with the appropriate procedures set up by the Fund, upon her contributing to it the sum of $5,583.56, which the Fund has certified to be due as of May 5, 1959. Any additional interest which is to be charged should be at the rate of 3 1/2% per annum, being the mean between the minimum and maximum rates of interest fixed by N.J.S.A. 18:13-112.4(m).
A judgment may be presented in accordance with these conclusions. No costs.