CLARENCE MATHEWSON, Appellee, v. BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND et al., Appellants.

No. 44516.

JANUARY 10, 1939.

REHEARING DENIED JUNE 23, 1939.

62

D. L. Wilson, for appellants.

Ferguson & Ferguson, for appellee.

MITCHELL, C. J.—On February 4, 1907, Clarence Mathewson became a member of the Shenandoah fire department. In June of 1907 he was employed as a driver of the horse-drawn fire truck.

He devoted his entire time to this occupation, at a stipulated salary of $50 per month, and remained as a full-time paid employee of the fire department from June 1907 until he resigned on April 3, 1933. During this period of time his salary was increased from $50 per month in 1907 to $165 per month in May of 1925, and this was his salary at the time he resigned. He was the only member of the fire department to receive a monthly salary. There were approximately twenty-one men in the department, including the fire chief and other subordinate officers, and they were paid on a basis of the number of responses they made to calls. No other members of the department devoted their entire time to that work, all of them having regular employment or vocations they followed, each, however, being subject to call at all times. In 1917 an ordinance was passed, fixing the salary of the chief at $100 per annum and that of the assistant at $60 per annum. At various times during the years these amounts were changed but at no time was there any regularly employed member of the Shenandoah fire department drawing a monthly salary and devoting all of his time with the exception of Clarence Mathewson.

On August 5, 1926, the city of Shenandoah elected to create a firemen's pension fund, and in its budget as of that date included a half-mill levy for firemen's pension fund.

Commencing with January 1, 1927, until the date of the resignation of Clarence Mathewson, which became effective on

April 3, 1933, he paid into the said pension fund each month an amount equal to one per cent of his monthly salary. On the 3d day of April, 1933, Clarence Mathewson resigned and ceased to be a member of the fire department.

On the 14th day of December, 1936, Clarence Mathewson reached the age of fifty years. He is not suffering from any disability by reason of said service.

Mathewson on February 13, 1937, served a notice on the chief of the fire department and the board of trustees for the management of the firemen's pension fund of the city of Shenandoah, Iowa, setting forth that he had served in the fire department for more than twenty-two years; that he became fifty years of age on December 14, 1936; that he contributed, as required, to the pension fund created by the city of Shenandoah for the benefit of the firemen; and demanded the pension under and by virtue of the provisions of chapter 322 of the 1935 Code of Iowa. On February 17, 1937, the board of trustees of the firemen's pension fund met, and after consideration of the claim presented to it, denied Mathewson's claim for pension. On the 26th day of February, 1937, he filed in the office of the clerk of the district court of Page county his petition in certiorari. An order was entered, granting the writ, fixing the date on which return was to be filed. There was a hearing and the lower court entered an order and decree sustaining the writ and holding that Mathewson was entitled to a pension as provided by statute, and fixing the amount.

The board of trustees of the firemen's pension fund of the city of Shenandoah, being dissatisfied, has appealed.

The facts in this case are not in dispute. It is the application of the law to the facts which has resulted in this controversy.

We do not find it necessary to pass upon the question of whether Shenandoah had a paid fire department.

When this court decided the case of Seavert v. Cooper, 187 Iowa 1109, 175 N. W. 19, the statute it had under consideration was section 932-e of the 1913 Supplement to the Code, the material part of which was as follows:

"Any member of an organized paid fire department within the provisions of this act who shall have served twenty-two years or more in such department and shall have reached the age of

fifty years, or who shall, while a member of such department, become mentally or physically permanently disabled from performing the duties of a fireman, shall be entitled to be retired, and upon retirement he shall be paid out of the firemen's pension fund of the city in which such department is located, a monthly pension equal to one half the amount of salary received by him monthly at the date he became entitled to retirement."

The corresponding section of the present law—section 6315 of the 1935 Code—is as follows:

"6315. Who entitled to pension—conditions. Any member of said departments who shall have served twenty-two years or more in such department, and shall have reached the age of fifty years; or who shall while a member of such department become mentally or physically permanently disabled from discharging his duties, shall be entitled to be retired, and upon retirement shall be paid out of the pension fund of such department a monthly pension equal to one-half the amount of salary received by him monthly at the date he actually retires from said department. If any member shall have served twenty-two years in said department, but shall not have reached the age of fifty years, he shall be entitled to retirement, but no pension shall be paid while he lives until he reaches the age of fifty years."

■ It will be noted that under section 932-e of the 1913 Supplement only members of an organized paid fire department were eligible for a pension. When section 6310 of the 1935 Code was passed, the legislature changed the statute and provided that "any city or town having an organized fire department may", and "all cities having * * * a paid fire department" shall levy annually a tax not to exceed one-eighth mill for each such department for the purpose of creating a firemen's and policemen's pension fund. The eligibility provisions of section 932-e of the 1913 Supplement were also changed by the legislature, and section 6315 provides that a member of a paid fire department or an organized department coming under the act, is eligible.

The city of Shenandoah did not provide for any pension until the year 1926 but it had an organized fire department during all of the period of twenty-two years that Mathewson served

and during all of those years he was paid a monthly salary. There is nothing in section 6315 of the Code which requires that the service, to wit, the twenty-two years, be after the city elected to go under the provisions of the pension act.

In the case of Seavert v. Cooper, 187 Iowa 1109, 175 N. W. 19, Justice Stevens, speaking for the court, said, at page 1114, 175 N. W. at page 21:

"The obvious purpose of the statute is to provide a benefit to firemen who have regularly devoted at least 22 years to the service of the public, to the exclusion of other employment. Great efficiency is required of men in well-organized and equipped fire departments, and this is acquired by experience, drill, and constant devotion to the service. It was not intended that men pursuing other vocations or employment, who are in no sense dependent upon the nominal compensation usually paid, if any, by fire departments consisting of business and professional men and citizens generally, who have united in an organization for the common good and protection of all, should be paid a pension when they have continued in such capacity for 22 years."

In the case at bar this claimant regularly devoted his entire time for twenty-two years to the service of the public, to the exclusion of other employment. The only job he had was that of a paid fireman on the Shenandoah fire department. He was paid a monthly salary during all of that time. He comes squarely within the reason given by Judge Stevens for the passing of the statute by the legislature.

We are not unmindful of the fact that there is a division among the courts in regard to this proposition. The supreme court of the State of Missouri in the case of State v. Ziegenhein, 144 Mo. 283, 45 S. W. 1099, 66 Am. St. Rep. 420, held that the law operated only as to the future and in computing a policeman's right of retirement he could not include service rendered before the act went into effect as to him, while the supreme court of Nebraska in the case of State v. Love, reported in 89 Neb. 149, 131 N. W. 196, 34 L. R. A. (N. S.) 607, Ann. Cas. 1912C, 542, holds the opposite view. The Nebraska court said, 131 N. W. at page 198:

"Finally, the respondents contend that inasmuch as the

relator did not serve as a fireman for 21 years subsequent to the enactment of chapter 39, supra, he is not entitled to a pension, and cite State v. Ziegenhein, 144 Mo. 283, 45 S. W. 1099, 66 Am. St. Rep. 420. In that case the statute construed provided 'that any person who shall serve as a policeman * * * for twenty years,' etc.; whereas, our statute directs that cities of a certain class shall pension 'all firemen of the paid department wherever such firemen *shall have* first served in such fire department for the period of twenty-one years,' etc. A comparison of the statutes demonstrates the inapplicability of the Ziegenhein case to the case at bar, and should convince the reader that the Nebraska Legislature intended the statute to apply to all firemen who have served for the period of 21 years. Of course, the fireman must have been in the service and must have retired while the law was in force, because he must have elected to retire from the service before he could be placed upon the retired list, and he could not thus elect if he were not in the service.''

The Nebraska act provides, ''whenever such fireman shall have first served in such fire department''. It is very similar to the Iowa act, which provides, ''shall have served twenty-two years or more in such department and he shall have reached the age of fifty years''.

In the case of People ex rel. Kroner v. Abbott, reported in 274 Ill. 380, 113 N. E. 696, Ann. Cas. 1918D, 450, the Illinois court said, 113 N. E. at page 698:

''Counsel for defendants in error argue that the act is not retrospective, as it applies only to those in the service at the time or after it was enacted. If this pension act applies to the relators, we think it must be held to be, in a sense, retrospective, as it will impose upon municipalities duties and responsibilities arising out of past transactions. The rule is that in construing and applying statutes conferring pensions, as in construing other statutes, they are not to be given retroactive effect in the absence of express language in the statute requiring it. 1 Dillon on Mun. Corp. (5th Ed.), sec. 432; 2 McQuillin on Mun. Corp., sec. 511; Eddy v. Morgan, 216 Ill. 437, 75 N. E. 174. The reading of the act leads to the conclusion that the Legislature did not intend 20 years to elapse before it should be put into effect, for section 4 provides for the payment of a pension at any time to a police-

man physically disabled in the performance of his duty, and section 6 provides that if any policeman loses his life in the performance of his duty, at any time after the act is in force, certain members of his family shall be paid a pension under the conditions there stated.''

At page 699 of 113 N. E., we read:

''It is hardly to be assumed that the Legislature intended that the funds must accumulate for twenty years before any employee could be retired and receive the benefit of the act.''

This same case, at page 699 of 113 N. E., quotes the following from 1 Cooley on Taxation, 3d Ed., 189:

''But the primary object in all such bounties is not the private but the public interest. To show gratitude for meritorious public services in the army and navy by liberal provision for those who have performed them is not only proper in itself, but it may reasonably be expected to have a powerful influence in inciting others to self-denying, faithful, and courageous services in the future, when the government, which is so ready to be generous as well as just, shall have need of their assistance. The same may be said of a like recognition of valuable public services rendered by other persons. The question in every case is not one of power, but of prudence and public policy.''

In the case at bar the petitioner has been a member of the fire department of the city of Shenandoah for a period of twenty-two years. During all of that period of time he was paid a monthly salary. He devoted all of his time to the service. He contributed to the pension fund as the statute required.

Section 6315 is very similar to the statute that the Illinois court had under consideration in the case of People v. Abbott, supra. The Iowa act also provides for the payment of pension in case of disability. When the legislature enacted section 6315 it did not therein specify that the time of service was to commence with the time that the fire department became a pension-paying department. Rather, it said, ''any member of said department who shall have served twenty-two years''.

It is not for this court to write into that statute words that are not there. A fair interpretation of the statute seems to us to mean that when one has served in the fire department

for twenty-two years or more, has spent all of his time in that service and drawn a monthly salary, contributed to the pension fund, he comes within the provisions of the pension act. This Clarence Mathewson has done.

It necessarily follows that judgment and decree of the lower court must be, and it is hereby, affirmed.—Affirmed.

HAMILTON, STIGER, HALE, BLISS, MILLER, and OLIVER, JJ., concur.

RICHARDS and SAGER, JJ., dissent.