CITY OF IOWA CITY, appellee, v. OLIVER A. WHITE, BOARD OF TRUSTEES OF THE POLICEMEN'S PENSION AND RETIREMENT FUNDS (members), and C. D. STIMMEL, trustee, appellants.

No. 50439.

■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■

OCTOBER 17, 1961.

■■■■■■■■■■

■■■■ ▬ ■■■

William L. Meardon and Ansel J. Chapman, both of Iowa City, for appellants.

Edward L. O'Connor, of Iowa City, for appellee.

PETERSON, J.—This case involves the payment of a pension to Oliver A. White, former police chief of Iowa City. Mr. White became a member of the Iowa City Police Department in 1938 and served until his retirement on January 8, 1960. He had been patrolman, detective and Chief of Police. Prior to his appointment to the police department he took a physical examination which showed him to be in excellent health. He had a touch of heart trouble in 1953 and then later in May of 1956, October 1957, October 1958, and April 1959. Starting at the time of his heart attack in 1957 he was placed under medication and treatment.

His condition became worse, and on July 7, 1959, he had

his own physician, Dr. C. R. Goddard, make an examination. Doctor Goddard told him he should no longer continue as an active member of the Iowa City Police Department and that he should retire. The doctor made a written statement and recommendation to that effect. On July 27, 1959, Mr. White was examined by the medical examining board of the Board of Trustees of the Policemen's Pension and Retirement Fund consisting of three members.

The report of the medical board was in substance as follows: "1. This man is suffering from angina pectoris and coronary insufficiency. 2. First mentioned in his medical records, 1952. 3. There is definite evidence on his E.K.G. of coronary insufficiency. This man who is suffering from the malady of coronary insufficiency, very definitely should avoid all excitement and exertion. It is the Board's recommendation that he be retired. (s) C. D. Callahan, M.D., E. W. Paulus, M.D., S. C. Ware, M.D."

On the basis of the advice of his own physician and of the medical board of the pension fund, Mr. White submitted his written application to the Board of Trustees on January 12, 1960, for a service-incurred disability pension, on the ground that he had become totally and permanently incapacitated for active duty on the Iowa City Police Department as the natural and proximate result of heart injury or disease incurred in or aggravated by the performance of duty on several occasions extending from 1953 to 1959.

The Board of Trustees heard the evidence and considered the application. They held that the final cause of aggravation of Mr. White's heart condition occurred on October 18, 1957, and that said aggravation was incurred within the meaning of section 411.6(5) of the 1958 Code of Iowa as amended by chapter 293, Acts of the Fifty-eighth General Assembly. The Board of Trustees granted Oliver A. White a service-incurred disability pension.

It appears that the incidents which caused his disability occurred prior to the enactment of chapter 293, 58th G. A., amending section 411.6(5), but his application for disability pension was filed after this amendment went into effect.

City of Iowa City brought certiorari action in the District Court of Johnson County challenging the jurisdiction of the Pension Board. Resistance was duly filed.

On February 9, 1961, a final hearing was had. The facts were stipulated between the parties. On March 31, 1961, the court entered findings and judgment sustaining the writ. Oliver A. White has appealed.

Following is section 411.6(5) of the 1958 Code of Iowa, with the italicized words, according to chapter 293, 58th G. A. of Iowa, deleted, and the words and two paragraphs added shown in quotation marks: The Act became effective on July 4, 1959.

"5. Accidental disability benefit. Upon application of a member in service or of the chief of the police or fire departments, respectively, any member who has become totally and permanently incapacitated for duty as the natural and proximate result of an *accident or exposure occurring while in* 'injury or disease incurred in or aggravated by' the actual performance of duty, at some definite time and place, or *occurring* while acting pursuant to order, outside of the city or town by which he is regularly employed, shall be retired by the respective board of trustees, provided, that the medical board shall certify that such member is mentally or physically incapacitated for further performance of duty, that such incapacity is likely to be permanent and that such member should be retired."

"Should a member in service or the chief of the police or fire departments become incapacitated for duty as a natural or proximate result of an injury or disease incurred in or aggravated by the actual performance of duty at some definite time or place or while acting, pursuant to order, outside the city or town by which he is regularly employed, he shall, upon being found to be temporarily incapacitated following an examination by the board of trustees, be entitled to receive his full pay and allowances until re-examined by said board and found to be fully recovered or permanently disabled.

"Disease under this section shall mean heart disease or any disease of the lungs or respiratory tract and shall be presumed to have been contracted while on active duty as a result of strain or the inhalation of noxious fumes, poison or gases."

The sole issue involved in this appeal is: Is it necessary that a police officer in active service suffer an injury after July 4, 1959, in order to qualify for accidental disability benefits, under the provisions of section 411.6(5), 1958 Code of Iowa, as amended by chapter 293 of the Acts of the Fifty-eighth General Assembly—July 4, 1959, being the effective date of the amendment?

The error relied upon by appellant for reversal is: The trial court erred in sustaining appellee's Writ of Certiorari on the ground that the action by the Board of Trustees in granting accidental disability benefits (hereinafter referred to as pension) to Ollie White, and therefore an illegal application of section 411.6(5) of the 1958 Code of Iowa as amended.

I. The decision of the Board of Trustees does not result in a retroactive application of the statute as amended, because the pension right of an applicant is governed by the law in effect either (a) at the time the application is filed; or (b) at the time the Pension Board acts on the application, and is not governed by the law in effect at the time of the injury. Rockenfield v. Kuhl, 242 Iowa 213, 46 N.W.2d 17; Mathewson v. Board of Trustees of Firemen's Pension Fund, 226 Iowa 61, 283 N.W. 256; Nelson v. Board of Directors of Independent School District, 246 Iowa 1079, 70 N.W.2d 555; Talbott v. Independent School District, 230 Iowa 949, 299 N.W. 556, 137 A. L. R. 234; Laden v. Daly, 132 N. J. L. 440, 40 A.2d 780; Salz v. State House Commission, 32 N. J. Super. 230, 108 A.2d 194; City of Norfolk v. Key, 192 Va. 694, 66 S.E.2d 479; Rustad v. City of Long Beach, 122 Cal. App.2d 106, 264 P.2d 955; Brooks v. Pension Board, 30 Cal. App.2d 118, 85 P.2d 956.

The question directly involved in this appeal has not heretofore been decided in this jurisdiction. Analogous questions have been decided by this court, somewhat favorable to appellants' position.

In Rockenfield v. Kuhl, supra (at page 217 of 242 Iowa), this court said: "It is elementary that laws creating pension rights are to be liberally construed with the view of

promoting the objects of the legislature. * * * 40 Am. Jur., Pensions, section 4, page 963."

Nelson v. Board of Directors of Independent School District and Talbott v. Independent School District, both supra, had reference to the situation which arose when local systems of pension and retirement as to schools were canceled and the Federal Social Security plan was substituted pursuant to power granted by statute in 1955. In Sioux City action was brought by two teachers to set aside the Board's act in terminating the old plan and substituting the Federal Social Security plan. One teacher had not yet reached the retirement age, but the other had reached the age but had not yet elected to apply for retirement benefits. In both cases the trial court upheld the action of the Board in canceling the old plan and adopting the Social Security plan as enacted by the legislature. In the Talbott case at page 966 of 230 Iowa we said: "Notwithstanding the appellee was eligible for retirement prior to the resolution * * * raising the retirement age to 65 years, her pension rights were not absolutely vested, but were subject to the amending resolution."

In both the Nelson and Talbott cases the applicants were eligible for benefits under an existing local plan. Because they had not applied therefor, their rights became subject to an amending statute or resolution. In other words, if we apply the analogy to the case at bar, the time of retirement occurred prior to the enactment of the statute, but the teachers became subject to the statute in effect when they made their application.

In the case of Mathewson v. Board of Trustees of Firemen's Pension Fund, supra, Mr. Mathewson became 50 years of age on December 14, 1936, and applied for benefits February 13, 1937. Under section 6310 of the 1935 Code the Legislature had changed the eligibility provisions of the 1913 Code Supplement and the question facing the court was whether plaintiff had to complete 22 years of service subsequent to the 1935 enactment or could his years of service before 1935 be considered in computing his eligibility record? The court said at page 65 of 226 Iowa: "There is nothing in section 6315 of the Code which requires that the service, to wit, the twenty-two years, be after the city elected to go under the provisions of the pension Act."

In McCord v. Iowa Employment Security Commission, 244 Iowa 97, 101, 56 N.W.2d 5, 7, this court said with reference to applicability of later adopted Act as follows: "This is not giving the amendment a retroactive effect as the commission contends. It gives it present application on its effective date."

At least three states have rendered decisions supporting appellant's contention. In Laden v. Daly, supra, the court said: "and the controlling statute * * * is that which is effective concerning complainant's rights at the time an official act subject to the control thereof is due to be taken." (Page 443 of 132 N. J. L.)

In the case of Caronia v. Police & Fire Pension Commission, 18 N. J. Super. 149, 151, 86 A.2d 793, 794, the court said: "The controlling statute is that which was effective concerning Caronia's rights when he made application to the Commission, and which remains effective."

In City of Norfolk v. Key, supra, a policeman applied for disability retirement benefits under statutory provisions which became effective in 1942. The injury occurred in 1940 and the application was made in 1948. The court said in granting the pension: "It is not the date of the infliction of injuries, but the manner of the accident and the resulting incapacity which determines the right to accidental disability retirement allowance. * * * The facts do not require that the provisions of section 40 [adopted after incapacity] be given retroactive effect to justify the granting of its benefits to the claimant." (Page 700 of 192 Va.)

In Rustad v. City of Long Beach, supra, the question arose as to whether plaintiff's pension should be governed by section 187 (sub. 3) of the City Charter, in effect at the time of injury in 1941, or by section 187.2, a subsequent Charter amendment, in effect when his application was acted upon in 1952. The court held that the provisions of section 187.2 controlled, and stated on page 109 of 122 Cal. App.2d, page 957 of 264 P.2d: "The right to receive a reasonable disability pension accrues immediately upon a fireman's employment by the City of Long Beach. His right to retirement and immediate commencement of payment of his pension accrues only upon his disability be-

48

coming established." This was in 1952, under section 187.2, adopted after his injury.

We hold the statutes in force when a pensioner's application is filed, or when the Pension Board makes its decision, and not the date of injury or disease or aggravation thereof, control the allowance of the pension.

II. Appellant also states and argues that chapter 293, 58th G. A., was intended by the Legislature to be retroactive. In view of our decision in Division I, consideration of this question is unnecessary.

III. Appellee makes two contentions. 1. Mr. White did not prove his disease, or the aggravation thereof. 2. The trial court was right in holding chapter 293, 58th G. A., was not retroactive in its force and effect.

IV. The function of certiorari is to determine whether conduct of an inferior tribunal was within its jurisdiction and legal. A trial de novo is not permitted, but only questions of law are presented. Petitioner is not entitled to a review of the facts. Lineberger v. Bagley, 231 Iowa 937, 2 N.W.2d 305; Pierce v. Green, 229 Iowa 22, 49, 294 N.W. 237, 253, 131 A. L. R. 335; Hohl v. Board of Education of Poweshiek County, 250 Iowa 502, 94 N.W.2d 787; Adams v. Smith, 216 Iowa 1365, 250 N.W. 466.

The court defined clearly the scope of certiorari in Pierce v. Green, supra, when it said: "Certiorari is a writ of review to determine whether the questioned conduct was legal, or within the jurisdiction of the respondent. * * * Certiorari is not, and was never intended to be, a trial de novo, as on appeal. Such is not the office of the writ. * * * This court has repeatedly held that the writ presents only a question of law, and does not entitle the petitioner to have the facts reviewed. * * * While under section 12464, the court may hear the parties upon the record, proceedings, and facts as certified, '* * * and such other testimony, oral or written, as either party may introduce,' yet this 'other testimony' is narrowed and limited to the question of whether the board or other inferior tribunal or officer acted in excess of jurisdiction, or otherwise acted illegally."

In McNiel v. Horan, Judge, 153 Iowa 630, 632, 133

N.W. 1070, 1071, this court further stated: "Where a certiorari proceeding is instituted in the district court against an inferior tribunal, and is brought before us on appeal from the order of the district court therein, we have held in such a case that the finding of fact by the trial court has the force and effect of a verdict."

The trial court properly did not include any findings of fact in its decree. It apparently considered the findings of the Pension Board on it.

V. Appellee's second contention is that chapter 293, 58th G. A., was not retroactive as held by trial court, and that the statutes in effect at date of injury were controlling. This was the only question considered by the trial court. In view of our decision in Division I, discussion of this question is superfluous.

The judgment of the trial court is reversed, and the decision of the Board of Trustees of the Policemen's Pension and Retirement Funds is sustained and effective. The pension of appellant White shall be paid from January 8, 1960, the date fixed by the Pension Board, to date, when procedendo is filed with the Clerk; thereafter monthly.—Reversed.

All JUSTICES concur except BLISS, J., not sitting.