CITY OF SIOUX CITY, IOWA, A Municipal Corporation, Plaintiff-Appellant,

v.

BOARD OF TRUSTEES OF FIRE RETIREMENT SYSTEM OF CITY OF SIOUX CITY and James Reese, Defendants-Appellees.

No. 83–209.

Court of Appeals of Iowa.

March 20, 1984.

E.S. Bikakis and Larry A. Storm of Bikakis, Heubaum, Titus, Vohs & Storm, Sioux City, for plaintiff-appellant.

Dewie J. Gaul of Gaul, Nymann & Green, Sioux City, for defendant-appellee Board.

Harry H. Smith of Smith & Smith, Sioux City, for defendant-appellee Reese.

Heard by OXBERGER, C.J., and SNELL and SCHLEGEL, JJ.

SNELL, Judge.

Plaintiff city appeals from the district court decision which, on certiorari review, sustained the decision of defendant board awarding an accidental disability pension to defendant fireman. The city asserts that the board's decision was unsupported by substantial and competent record evidence and based upon an incorrect rule of law. We vacate the decisions of the board and the district court and remand.

Defendant fireman sought and was granted an accidental disability pension as a result of an allegedly disabling lung disease. He testified before the board that he became disabled when exposed to smoke and medical evidence was presented showing that he suffers from chronic obstructive pulmonary disease. No direct medical testimony was presented that the disease was totally incapacitating or permanent but one doctor opined that the disease prevented defendant from fighting fires. A medical panel that examined defendant ultimately concluded that it was impossible to verify defendant's complaints concerning the disabling effect of smoke. In a telephone conversation that he did not know was being tape recorded, one member of the panel told defendant that the panel would recommend that he stay out of a smoke-filled environment.

Defendant board was advised by an assistant city attorney that under Iowa Code section 411.6(5) there was no automatic presumption that lung disease was disabling but, rather, that the presumption created by the statute went to the issue of whether the injury was job-related. Three of the four board members who voted to grant the pension discussed the presumption in a manner which is alleged by plaintiff city to demonstrate that they erroneously considered the statute to create a presumption of disability. The district court sustained the board's action, and the city brought this appeal.

The city contends that there was no substantial evidence to support the board's decision to award the pension. We need not reach this issue because we conclude that the board incorrectly applied the law. The relevant statute in this case is Iowa Code section 411.6(5) which provides in part as follows:

**411.6  Benefits**

\*     \*     \*     \*     \*     \*

5. *Accidental  disability  benefit.* Upon application of a member in service or of the chief of the police or fire departments, respectively, any member who has become *totally and permanently incapacitated* for duty as the natural and proximate result of an injury or disease incurred in or aggravated by the actual performance of duty at some definite time and place, or while acting pursuant to order, outside of the city by which he is regularly employed, shall be retired by the respective board of trustees, provided, that the medical board shall certify that such member is mentally or physically incapacitated for further performance of duty, that such incapacity is likely to be permanent and that such member should be retired.

\*     \*     \*     \*     \*     \*

*Disease* under this section shall mean heart disease or any disease of the lungs or respiratory tract, and *shall be presumed to have been contracted while on active duty* as a result of strain or the inhalation of noxious fumes, poison or gases. (emphasis added)

Thus, in order to qualify for benefits under this statute, defendant fireman was required to prove that his disease was caused or aggravated by actual performance of his duty and that, as a result, he was totally

and permanently disabled for his duty. *Carstensen v. Board of Trustees of Police Retirement System of City of Storm Lake,* 253 N.W.2d 560, 564 (Iowa 1977). The statutory presumption quoted above obviously applies only to the causation element and not to the requirement of total and permanent disability.

From our review of the record, however, we believe it is clear that several of the members of defendant board erroneously applied the statute by deciding that a disease such as alleged here is presumed to be totally and permanently disabling. During the hearing, several of the six board members stated their reasons for voting as they did, including members Reilly, Lovaas and Walsh—three of the four who voted to grant the benefits. Reilly said "[a]s a firefighter, I have to go along with the presumption ... I'll go along with presumption and say I'm disabled until they can prove otherwise." Walsh stated his belief that "under the law, when he has a lung disease, he's disabled." Lovaas apparently disagreed with Bryan (another board member who thought the statutory presumption could not be used to prove incapacity) and made the following comments:

> Probably the thing that swayed my vote more than anything else was the part of the statute that states the presumption. I can very well understand why Bryan feels that the presumption is such that it does not presume disability. It presumes job connected and, therefore, would be related to ordinary or service connected disability.

These comments indicate that at least these three board members believed the statute presumed disability upon a showing of a lung disease whereas the statutory presumption actually refers only to the disease being job-connected. There is a substantial likelihood that this error in application of the statute on the part of those three members affected the board's decision. We therefore vacate the decision of the board and the district court and remand to the board to redecide the case by properly applying the statute. In so doing, the board must determine if defendant fireman has

established that he is "totally and permanently incapacitated for duty" without reliance on the statutory reference to presumption, which does not relate to this issue. Regarding the statutory requirements, *see Reisner v. Board of Trustees of Fire Retirement System,* 203 N.W.2d 812, 814 (Iowa 1973).

VACATED AND REMANDED.