Timothy J. McINTYRE,
Plaintiff–Appellant,

v.

**PAGE COUNTY SHERIFF'S OFFICE,**
Defendant–Appellee.

No. 94–726.

Court of Appeals of Iowa.

June 27, 1995.

Timothy J. McIntyre, Shenandoah, pro se.

No appearance for appellee.

Considered by HAYDEN, P.J., and SACKETT and CADY, JJ.

SACKETT, Judge.

This is an appeal from a district court decision denying plaintiff-appellant Timothy J. McIntyre's petition for writ of certiorari. McIntyre sought the writ contending defendant-appellee Page County Sheriff improperly revoked his nonprofessional permit to carry weapons. The district court denied his petition. We affirm.

McIntyre had a nonprofessional permit[1] to carry weapons issued by the Page County Sheriff.[2] McIntyre was advised his permit was revoked[3] because he was charged with domestic abuse. McIntyre filed a petition for writ of certiorari contending the sheriff improperly revoked the permit. The trial court found the sheriff had not acted illegally or abused his discretion and denied the writ. This appeal follows.

McIntyre appeals contending: (1) the trial court erred in considering the case as presenting an issue of issuance, not revocation, of a permit; (2) the trial court improperly applied Iowa Code section 724.13; (3) the evidence did not support the trial court's finding McIntyre had committed repeated acts of violence and was a danger to others; (4) the trial court should not have considered three exhibits and hearsay evidence; and (5) the trial court did not properly assess the sheriff's qualifications. McIntyre cites no legal authorities supporting any of his propositions. Failure in the brief to state, to argue, or to cite authority in support of an issue

1. **Nonprofessional permit to carry weapons.** Any person who can reasonably justify going armed may be issued a nonprofessional permit to carry weapons. Such permits shall be on a form prescribed and published by the commissioner of public safety, which shall be readily distinguishable from the professional permit, and shall identify the holder thereof, and state the reason for the issuance of the permit, and the limits of the authority granted by such permit. All permits so issued shall be for a definite period as established by the issuing officer, but in no event shall exceed a period of twelve months. Iowa Code § 724.7 (1993).

2. **Issuance of permit to carry weapons.** Applications for permits to carry weapons shall be made to the sheriff of the county in which the applicant resides. Applications from persons who are nonresidents of the state, or whose need to go armed arises out of employment by the state, shall be made to the commissioner of public safety. In either case, the issuance of the permit shall be by and at the discretion of the sheriff or commissioner, who shall, before issuing the permit, determine that the requirements of sections 724.6 to 724.10 have been satisfied. However, the training program requirements in section 724.9 may be waived for renewal permits. The issuing officer shall collect a fee of ten dollars, except from a duly appointed peace officer or correctional officer, for each permit issued. Renewal permits or duplicate permits shall be issued for a fee of five dollars. The issuing officer shall notify the commissioner of public safety of the issuance of any permit at least monthly and forward to the director an amount equal to two dollars for each permit issued and one dollar for each renewal or duplicate permit issued. All such fees received by the commissioner shall be paid to the treasurer of state and deposited in the operating account of the department of public safety to offset the cost of administering this chapter. Any unspent balance as of June 30 of each year shall revert to the general fund as provided by section 8.33. Iowa Code § 724.11 (1993).

3. **Revocation of permit to carry weapons.** The issuing officer may revoke any permit to carry weapons when the officer learns that any of the conditions required for the issuance of that permit as stated in sections 724.6 to 724.10 have ceased to exist, or when the officer learns that that permit was improperly issued. When the issuing officer revokes a permit, the officer shall notify the permit holder of such revocation on a form prescribed and published by the commissioner of public safety, and shall forward a copy of the form to the commissioner of public safety. From the time the permit holder receives notice of revocation, the permit shall cease to have any force or effect. Permit revocations may be reviewed by writ of certiorari. Iowa Code § 724.13 (1993).

may be deemed waiver of that issue. Iowa R.App.P. 14(a)(3).[4]

█ Verd R. Bailey, Page County Attorney, represented defendant in the trial court. No brief for defendant-appellee has been filed in this court. We limit our consideration to matters raised in appellant's brief. *State ex rel. Buechler v. Vinsand,* 318 N.W.2d 208, 209 (Iowa 1982).

In argument, McIntyre fails to state how his issues were preserved for review and failed to cite authority or the applicable standard of review. *See* Iowa R.App.P. 14(a)(5).[5]

█ Certiorari is an ordinary proceeding triable as a law action. *Carstensen v. Board of Trustees of the Police Retirement Sys.,* 253 N.W.2d 560, 561 (Iowa 1977). On review, questions of fact resolved by the deciding officer or tribunal are not usually reviewable. *Id.* at 561–62. The question posed is whether the decision is supported by any competent and substantial evidence, and the burden of showing illegality rests upon an asserting party. *Id.* at 562. The fact that a different or opposite result may have been fully justified by the record is of no importance. *Id.*

█ Initially we consider two preliminary questions. One of them relates to the nature of a writ of certiorari. *Iowa Freedom of Information v. Wifvat,* 328 N.W.2d 920, 922 (Iowa 1983). Rule 306 of the Iowa rules of civil procedure states:

A writ of certiorari shall only be granted . . . where an inferior tribunal . . . is al-

leged to have exceeded its . . . proper jurisdiction or otherwise acted illegally.

*Id.; see State v. West,* 320 N.W.2d 570, 573 (Iowa 1982); *In re Marriage of Welsher,* 274 N.W.2d 369, 371 (Iowa 1979). Illegality exists within the meaning of this rule when the findings on which the tribunal based its conclusions of law do not have substantial evidentiary support. *Fetters v. Degnan,* 250 N.W.2d 25, 27 (Iowa 1977); *Cedar Rapids Human Rights Comm'n v. Cedar Rapids Community School Dist.,* 222 N.W.2d 391, 401 (Iowa 1974). Illegality also exists when the tribunal did not apply the proper rule of law. *Hightower v. Peterson,* 235 N.W.2d 313, 317 (Iowa 1975). An illegality is established if a sheriff has not acted in accordance with a statute, *see Norland v. Worth County Compensation Bd.,* 323 N.W.2d 251, 253 (Iowa 1982); if a sheriff's decision was not supported by substantial evidence, *see Giesey v. Board of Adjustment,* 229 N.W.2d 258, 260 (Iowa 1975); or if a sheriff's actions were unreasonable, arbitrary, or capricious, *see id.* at 259. The plaintiff bears the burden to prove the illegality. *Carstensen,* 253 N.W.2d at 562.

█ We agree with McIntyre that the issue before us is not whether a permit should issue but whether a permit should be revoked. However, the discretion afforded the sheriff is no different in either case. Reasons to revoke may be the same as reasons not to issue.

█ Iowa Code section 724.8[6] delineates factors that must not exist for someone to be

---

4. A statement of the issues presented for review. Under each issue separately stated shall be a list of all cases, statutes and other authorities referred to in the argument covering that issue. The authorities which are considered to be the most pertinent and convincing shall be indicated by underlining. Not less than one nor more than four authorities under each separately stated issue shall be so indicated. Failure in the brief to state, to argue or to cite authority in support of an issue may be deemed waiver of that issue. Iowa R.App.P. 14(a)(3).

5. An argument. The argument may be preceded by a summary. The argument shall contain in separately numbered divisions corresponding to the separately stated issues the contentions of appellant with respect to the issues presented and the reasons therefor, with citations to the authorities relied on and to the pertinent parts of the record in accordance with subdivision "g". Each division of the argument shall begin with a discussion, citing relevant authority, concerning the scope or standard of appellate review (e.g., "on error," "abuse of discretion," "de novo") and shall state how the issue was preserved for review, with references to the places in the record where the issue was raised and decided. Iowa R.App.P 14(a)(5).

6. **Persons eligible for permit to carry weapons.** No person shall be issued a professional or nonprofessional permit to carry weapons unless: (1) The person is eighteen years of age or older. (2) The person has never been convicted of a felony. (3) The person is not addicted to the use of alcohol or any controlled substance. (4) The person has no history of repeated acts of violence. (5) The issuing officer reasonably deter-

issued or to keep a permit. The section does not require the issuance of a permit.

 The sheriff may deny a permit because of certain conduct, but the conduct must have a rationale connection to the denial.

 McIntyre is over eighteen years old; has never been convicted of a felony; and the sheriff had no information of his abusing alcohol or drugs or any controlled substance. As to history of violent behavior, McIntyre questioned the sheriff:

Q. Okay. Number 4, the person has no history of repeated acts of violence. Do I have any of those? A. I think that's a judgment call.

Q. Can you prove that to us? A. You have been charged with what I would call a violent act.

Q. Number 5, the issuing officer reasonably determines that the applicant does not constitute a danger to any person. Am I a danger to anyone? A. I'm not sure about that.

Q. Could you tell me why you're not sure? A. It's my personal opinion.

Q. Just a personal opinion? A. (Nods head in affirmative manner.)

Q. Okay. Number 6, the person has never been convicted of any crime defined in Chapter 708 except assault as defined in Section 708.1 and harassment as defined in Section 708.7. Have I ever been charged with any of those? A. You were just charged with domestic abuse.

Q. And that's the two exceptions? A. Yes.

Q. Correct? A. Yes.

The trial court found McIntyre was involved in numerous domestic disputes with his ex-wife, her friends, and her family, and was found guilty of domestic abuse but the conviction was overturned.

The conviction of domestic abuse was set aside because defendant was charged under civil and criminal statutes and the burden of

proof was confused. The order specified a new cause could be filed. None was filed. We therefore do not consider the conviction of domestic abuse in our review.

 We agree with McIntyre that to deny the permit requires more than the sheriff's personal opinion. Our review of the record supports the trial court's findings concerning McIntyre's conduct. This conduct provides a rationale basis for denying the permit. We affirm.

**AFFIRMED.**

mines that the applicant does not constitute a danger to any person. (6) The person has never been convicted of any crime defined in chapter 708, except "assault" as defined in section 708.1 and "harassment" as defined in section 708.7. Iowa Code § 724.8 (1993).