**Ralph E. GIESEY and Cynthia P. Gardiner Giesey, Appellants,**

v.

**BOARD OF ADJUSTMENT OF IOWA CITY, Appellee,**

v.

**Edward SANHUEZA, Intervenor-Appellee.**

No. 2–56619.

Supreme Court of Iowa.

May 21, 1975.

Rehearing Denied June 16, 1975.

Trott & Jansen, Iowa City, for appellant.

Thomas M. Martin, Iowa City, for intervenor-appellee.

REES, Justice.

Plaintiffs appeal from a trial court order annulling a writ of certiorari to the defendant Iowa City Board of Adjustment and affirming the action of the Board in upholding issuance of a building permit for the construction of an apartment building on property owned by defendant-intervenor. We reverse and remand for entry of order revoking the building permit.

The intervenor, Edward Sanhueza, was the owner of a dwelling house located on a one-lot tract at 615 South Governor Street in Iowa City. Sometime in 1972 Sanhueza made application to the Iowa City building inspector for a building permit to construct an eight-unit apartment building at that location. In his application he described the building he proposed to construct as an addition to the building then standing on his lot. On July 10, 1972 the building inspector granted Sanhueza's application and issued the permit he requested. Plaintiffs thereafter appealed the issuance of the permit to the defendant Board of Adjustment. The Board denied their appeal and upheld the issuance of the permit on October 25, 1972.

Plaintiffs subsequently filed a petition in district court for the issuance of a writ of certiorari to review the legality of the Board's action, asking that the court annul and set aside the ruling of the Board and revoke the building permit. In their petition they alleged the Board acted illegally and without jurisdiction in upholding issuance of the building permit because the permittee's building plans violated § 8.10.-5(G) of the Municipal Code of Iowa City. That section provided: "Every building hereafter erected or structurally altered shall be located on a lot as herein defined, and there shall not be more than one main building on one lot unless otherwise provided in this chapter."

The cause came on for trial on May 17, 1973. On May 23 Sanhueza, who had previously been permitted to intervene in the action, filed a motion to quash and annul the writ of certiorari. On July 31 trial court ordered the writ annulled and affirmed the action of the defendant Board in upholding issuance of the building permit.

On this appeal plaintiffs contend trial court erred in:

(1) Finding the building permit issued by the building inspector did not violate municipal zoning regulations.

(2) Finding the action of the defendant Board in upholding issuance of the permit was not illegal.

I. Rule 306, Rules of Civil Procedure, permits certiorari to test the jurisdiction of an inferior tribunal or to challenge its action as illegal, arbitrary or capricious. Certiorari is not an appeal and may not be used to correct mere errors on the part of the inferior body. Reed v. Gaylord, 216 N.W.2d 327, 333 (Iowa 1974); Zwingle Ind.

Sch. Dist. v. State Board of Public Instruction, 160 N.W.2d 299, 301 (Iowa 1968); Hohl v. Board of Education, 250 Iowa 502, 94 N.W.2d 787.

■ Our review of actions in certiorari is similarly limited. Certiorari being an ordinary proceeding triable as a law action, there is no review *de novo*. Rule 318 R.C.P.; Board of Education v. Iowa State Board of Public Instruction, 261 Iowa 1203, 157 N.W.2d 919 (1968); Grant v. Norris, 249 Iowa 236, 85 N.W.2d 261. Findings of an administrative tribunal may not be upset upon certiorari review when they are supported by substantial evidence unless it is shown the findings resulted from application of an erroneous legal standard. Vohs v. District Commrs. of Fremont County, 218 N.W.2d 595 (Iowa 1974); See Rule 344(f)1, R.C.P.; Rule 334, R.C.P.

■ Certiorari may be employed to raise only questions of legality or jurisdiction. Illegality within the meaning of the certiorari rule has been said to exist "when there is not substantial evidence to support the findings on which the inferior court or tribunal based its conclusions of law". Vohs v. District Commrs., *supra* at 596. Stated otherwise, if there is no substantial evidence to support findings upon which a lower tribunal arrives at a challenged conclusion of law, it acts illegally. Reed v. Gaylord, *supra*, 216 N.W.2d at 334; Sueppel v. Eads, 261 Iowa 923, 926, 156 N.W.2d 115, 116. "The fact that others may have reached a different conclusion or that an opposite result would have been fully justified by the evidence is of no importance". Reisner v. Board of Trustees of Fire Retirement System, 203 N.W.2d 812, 814 (Iowa 1973).

In light of the foregoing principles, if in the matter before us the defendant Board of Adjustment had jurisdiction over plaintiffs' appeal and reached its conclusion the permit in question was properly issued on the basis of substantial evidence, we must affirm trial court in ordering the writ of certiorari annulled.

■ II. In this appeal plaintiffs have apparently abandoned the contention they first advanced in their petition for certiorari challenging the jurisdiction of the defendant Board of Adjustment to decide appeals from actions taken by the Iowa City building inspector. Lest there be any doubt on that issue, we find the Board had the requisite jurisdiction by virtue of §§ 414.10, 414.12 and 414.13, The Code, 1971, and § 8.10.28(H), Iowa City Municipal Code, the latter providing:

H. The Powers of the Board are:

1. To interpret this Chapter, being:

(a) To hear and decide appeals where it is alleged there is an error in any order, requirement, decision, or determination made by the Building Inspector in enforcement of this Chapter.

\* \* \* \* \* \*

III. The main thrust of plaintiffs' appeal to this court is directed at the alleged "illegality" of the defendant Board's action in upholding issuance of the permit in question by the city building inspector. Plaintiffs claim the permittee, Sanhueza, proposed to construct a second building on a lot he owned in violation of § 8.10.5(G), Iowa City Municipal Code (which provided there should be no more than one main building on a lot) and that the building inspector's approval of Sanhueza's application for a permit to begin construction on the building should have been reversed by the defendant Board. The record reveals that both the building inspector originally and the Board on appeal determined Sanhueza's plans and specifications submitted with his application for a building permit called not for a second building but rather for an addition to an existing building. Both the inspector and the Board thus concluded a permit for the new construction could be issued in conformity with the one lot-one building provision of the ordinance recited above.

■ The record reveals Sanhueza's proposed "addition" was designed to abut, for

a distance of 12 feet, a section of the foundation of the building already standing on his lot. While the structures were to share a common walkway, common sewer, and common water and electric service, there was to be no other physical connection between the two except for a partially abutting outside stairway, which was to serve only the "addition" and would not provide access between the two structures. According to the plans Sanhueza submitted there was to be no common doorway for the two structures, with the result access from one to the other could be gained only by walking outside.

A staff report prepared for the defendant Board concluded the new construction proposed by Sanhueza constituted a second building. The record before us lends considerable support to that conclusion and provides precious little for the Board's contrary determination the construction could be permitted as "an addition to an existing building" in conformity with the one lot-one building ordinance recited above. We believe there was in fact no substantial evidence in the record upon which the Board could find the proposed construction did not violate the ordinance. The Board accordingly acted illegally in upholding issuance of the permit in question by the Iowa City building inspector. The writ of certiorari should not have been annulled. This case is therefore reversed, and remanded with instructions trial court enter an order directing the defendant Board of Adjustment to revoke intervenor's building permit.

Reversed and remanded.