Phillip N. NORLAND, Worth County
Attorney, Appellant,

v.

WORTH COUNTY COMPENSATION
BOARD, and Gene Mueller, Larry Shop-
shire, Clayton Rye, Dick Worsley, and
Mary Ellen Orth, individual members
thereof, Appellees.

No. 67399.

Supreme Court of Iowa.

Aug. 25, 1982.

Phillip N. Norland, Northwood, pro se.

John H. Greve, Northwood, for appellees.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

In this certiorari action, Phillip Norland challenges the legality of proceedings by defendant Worth County Compensation Board and its five individual members (herein referred to as the "board") in determining his salary as county attorney, asserting the board (1) failed to comply with Iowa Code section 340A.6 (1979); (2) acted in an unreasonable, arbitrary, and capricious manner; and (3) failed to base its decision on competent and substantial evidence. The district court annulled the writ and we affirm.

On December 3, 1980, as required by Iowa Code section 340A.6, the board met to review the compensation paid county officials and to prepare a compensation schedule. All county officials were notified of the meeting; plaintiff, however, did not attend. Following discussion the board made recommendations for the 1981 salaries of county officials, including the county attorney, whose recommended salary was $14,500.

On December 18, a second meeting was held to prepare a final compensation schedule. Plaintiff appeared and told the board his proposed salary was unreasonable, arbitrary, and capricious and not based on a review of compensation paid comparable offices of the federal government and other states. (Iowa Code section 340A.6, provides that the board "shall review the compensation paid for comparable offices in other counties of the state, other states, private enterprise, and the federal government. . . .") Plaintiff told the board that if his salary was not substantially increased he would begin legal action.

At both meetings the board considered salaries of local educators, industrial and postal employees; recent employment of an assistant county attorney, who had reduced the plaintiff's workload; the nature of plaintiff's duties; newspaper articles regarding salary adjustments by other compensation boards; the cost of living; other county attorneys' salaries; and the "replacement" cost for "securing another county attorney." The board, however, did not consider compensation paid comparable offices in the federal government or other states.

I. *Scope of review.*

■ Appeal to this court from a certiorari judgment of a district court is treated as an ordinary action, Iowa R.Civ.P. 318, and will be affirmed if supported by competent and substantial evidence. *Carstensen v. Board of Trustees*, 253 N.W.2d 560, 561 (Iowa 1977); *Giesey v. Board of Adjustment*, 229 N.W.2d 258, 260 (Iowa 1975).

■ Certiorari is appropriate where an inferior board, exercising judicial functions, acts illegally. Iowa R.Civ.P. 306; *see* Iowa R.Civ.P. 316. An illegality is established if a board has not acted in accordance with a statute, *see Iowa Loan and Trust Co. v. District Court*, 149 Iowa 66, 70, 127 N.W. 1114, 1116 (1910); if its decision was not supported by substantial evidence, *Giesey*, 229 N.W.2d at 260; or if its actions were unreasonable, arbitrary, or capricious, *id.* at 259. The plaintiff bears the burden to prove the illegality. *Carstensen*, 253 N.W.2d 562.[1]

## II. Compliance with section 340A.6

■ While it is undisputed the board did not consider salaries for comparable offices in the federal government and other states, we believe such an omission does not itself amount to an illegality.

The apparent purpose of section 340A.6, like all prevailing wage statutes, is to ensure that public officers who perform services substantially similar to those performed in other public offices and private industry receive substantially equivalent wages. *See Melendres v. Los Angeles*, 40 Cal. App.3d 718, 728, 115 Cal.Rptr. 409, 416 (1974); *see also* C. Rhyne, *The Law of Local Government Operations* § 13.25, at 252 (1980). The determination of a prevailing wage is not, however, an exact science and there is more than one reasonable way of determining such a wage. *Gottlieb v. Department of W. and P. of Los Angeles*, 63 Cal.App.3d 202, 208, 133 Cal.Rptr. 614, 617 (1976).

■ A consideration of salaries for comparable offices in the federal government would be of little help; there is no federal equivalent of Iowa's part-time county attorney's office and while there might be other states with similar offices, none have been brought to our attention by the plaintiff.

The board substantially complied with the mandate of section 340A.6 by its consideration of other factors. Indeed, substantial compliance is now the standard legislatively imposed on counties in implementing the "home rule" amendment to our constitution. *See* Iowa Code Supp. § 331.301(5) (1981) ("[a] county shall substantially comply with a procedure established by a state law for exercising a county power unless a state law requires otherwise.").

The district court was correct in finding no illegality in the board's failure to follow literally the mandates of section 340A.6.

## III. Unreasonable, arbitrary, and capricious.

■ Plaintiff argues the board acted in an unreasonable, arbitrary, and capricious manner in refusing to adjust his salary after he advised it by letter of an increase in his workload. He supports this argument by statistically comparing salary increases recently granted other county officers and other county attorneys.

We find such evidence is insufficient to sustain the plaintiff's burden of proof. Upon this court's review it is insignificant that a different or opposite result might have been justified. *Carstensen*, 253 N.W.2d at 562. Plaintiff argues merely the board should have done more than it did in establishing his salary. While the board apparently did not give this evidence the effect urged by the plaintiff, this does not constitute unreasonable, arbitrary, and capricious action. Moreover, the plaintiff failed to supply the board with specific information, as requested, on the percentage of time he devoted to his duties as county attorney in relation to his private practice. It would be anamolous to conclude the board acted unreasonably in failing to consider relevant information when the plaintiff himself failed to supply some of it.

## IV. Competent and substantial evidence.

■ The plaintiff argues that in establishing his salary the board improperly referred to newspaper articles on salary ad-

---

1. The question of whether the board's action was nonjudicial, and therefore not a proper subject of certiorari, is not raised, and we do not consider it. *See Curtis v. Board of Supervisors*, 270 N.W.2d 447, 449 (Iowa 1978).

justments by other compensation boards, compared his duties with other county attorneys, relied on a statement of a member of the board of supervisors on the adequacy of the compensation schedule, relied on general economic conditions, and relied on a compensation schedule that was one year out of date. The plaintiff concludes that because the board failed to verify any of this information, its decision was not based on substantial evidence.

Chapter 340A does not limit the kind of evidence a compensation board may consider; thus, the plaintiff's argument that the board improperly considered "secret," "incompetent," or "hearsay" evidence, is without merit. The district court did not err in determining the board's decision was supported by substantial evidence.

V. *Other issues.*

The plaintiff argues the board should have promulgated rules governing its actions in establishing salaries for county officers, and this court should "prescribe the manner in which the defendants shall proceed" if he is successful on appeal.

Chapter 340A does not, explicitly or implicitly, require a compensation board to enact rules governing the procedure set forth in section 340A.6. When a statute is unambiguous, this court has nothing to construe. Iowa Code § 4.6 (1981); *see Carstensen,* 253 N.W.2d at 562.

█ Plaintiff also requests attorney's fees, which apparently include those relating to this appeal. Attorney's fees are not allowable in the absence of statute or an agreement by the party to be charged. *Smith v. Board of Supervisors,* 320 N.W.2d 589, 593 (Iowa 1982). The trial court properly denied fees. We deny fees on appeal.

AFFIRMED.