Theresa GARMAN, Plaintiff–Appellee,

v.

AMES ZONING BOARD OF ADJUSTMENT, Defendant–Appellant.

No. 87–1612.

Court of Appeals of Iowa.

Dec. 22, 1988.

John R. Klaus, City Atty. and Beth Ringgenberg, Asst. City Atty., for defendant-appellant.

John L. McKinney, Ames, for plaintiff-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ., HABHAB, J., takes no part.

SCHLEGEL, Judge.

Defendant Ames Zoning Board of Adjustment (Board) appeals the decision of the district court which sustained plaintiff's writ of certiorari and reversed the decision of the Board denying a zoning exception to plaintiff. Defendant claims the district court erred in: 1) finding there was no practical way to achieve compliance; 2) finding that a denial of the exception would produce a personal loss on the part of the owner greatly disproportionate to other individuals; and 3) incorrectly stating and applying the standard that the exception can be granted to all others similarly situated.

Plaintiff Teresa Garman is the owner of a rental property located at 140 S. Franklin Street in Ames, Iowa. The property was converted from a single-family dwelling unit to a duplex in 1969. When Garman purchased the property in 1974, no building or zoning permits had been obtained to make the conversion, despite the fact that building and zoning permits were required.

Under the zoning laws of Ames, Iowa, property which is divided into a duplex must provide four off-street parking spaces for a two-unit rental property. Garman's property has no off-street parking. In 1985, the Ames City Council enacted an ordinance which provided a mechanism for making properties such as plaintiff's legal through a retroactive conversion permit procedure. The ordinance authorized the Board's power to grant specified and limited exceptions to the applicable code requirements, including parking requirements, provided certain conditions are met.

Garman applied for a retroactive conversion permit in July of 1985, which was denied. Garman then applied to the Board, requesting an exception to the off-street parking requirements. On December 10, 1986, the Board voted to deny Garman's application for an exception because the three conditions necessary for granting an exception were not met.

On February 19, 1987, Garman filed a petition for writ of certiorari in the district court alleging that the Board acted unlawfully, illegally, arbitrarily, and capriciously. Writ was issued on February 20, 1987. Upon trial, the court found that the Board did not properly address the applicable law and that it acted arbitrarily and capriciously in denying the exception. The court ordered that the decision of the Board be reversed, the writ sustained, and the retroactive conversion permit issued. Defendant Board appeals from that decision.

■ The principles of judicial review in a case such as this were set out in the Iowa Supreme Court's decision in *Weldon v. Zoning Bd. of City of Des Moines,* 250 N.W.2d 396, 401 (Iowa 1977):

[I]n a certiorari proceeding in a zoning case the district court finds the facts anew on the record made in the certiorari proceeding. That record will include the return to the writ and any additional evidence which may have been offered by the parties. However, the district court is not free to decide the case anew. Illegality of the challenged board action is established by reason of the court's findings of fact if they do not provide substantial support for the board decision. If the district court's findings of fact leave the reasonableness of the board's action open to a fair difference of

opinion, the court may not substitute its decision for that of the board.

This court's scope of review on appeal from the trial court's judgment on a writ of certiorari is governed by Iowa Rule of Civil Procedure 318. Accordingly, we review the record to determine whether the trial court applied the correct legal standards and whether its decision is supported by substantial evidence. *Nolan v. Board of Adj. of Iowa City, Iowa,* 350 N.W.2d 744, 746 (Iowa App.1984) (citations omitted).

■ The authority of a zoning board of adjustment to grant an exception from the terms of a zoning ordinance is established under Iowa Code section 414.12(2) (1987). As used in the context of zoning ordinances, an exception, as distinguished from a variance, allows a property owner to put his property to a use which the zoning ordinance expressly permits. *Vogelaar v. Polk County Zoning Bd. of Adj.,* 188 N.W. 2d 860, 862 (Iowa 1974). For those property owners in noncompliance with zoning regulations, section 29.52(2) of the Ames Municipal Code provides that the zoning board is authorized to grant limited conditional exceptions for specified items of nonconformance to enable an applicant to obtain a retroactive conversion permit pursuant to section 13.39 of the Ames Municipal Code, provided all three of the following conditions are met:

    1) The Board finds there is no practical way to achieve compliance; and

    2) A denial of the exception will produce a personal loss on the part of an individual owner greatly disproportionate to any risks of harm to other individuals, or to the public as a whole that could be reasonably attributed to granting the desired exception; and

    3) The same exception can be granted to all others similarly situated.

Applying these conditions to the facts of this case, we hold that the trial court's decision to grant Garman an exception was supported by substantial evidence. We consider each factor in turn:

■ 1) The Board found that a possible solution to Garman's problem would be to place a driveway along the north edge of Garman's property to the back of her property where the required parking lots would be placed, despite evidence that the City's plan would be quite difficult to comply with. The district court heard testimony that the distance between the north edge of plaintiff's property and the house was nine feet, six inches, six inches less than the minimal distance, and this would require the removal of bushes and shrubs as well as additional construction on the property to insure that the driveway would be safe and would not create a nuisance to the adjacent neighbor to the north. In addition, the evidence established that the sidewalk in front of Garman's house would have to be removed due to the slope of the property, which would create icy conditions, and that a wall would have to be placed along the driveway to protect the neighbor's lot.

Although the Board's alternative to off-street parking is one *possible* way for Garman to achieve compliance, we agree with the trial court that the Board failed to consider the *practicality* and *feasibility* of such a plan. Taken as a whole, the record provides substantial evidence to support the court's finding that it would be quite impractical for Garman to achieve compliance in this case.

    2) Garman presented evidence at trial that it would cost her approximately $6,000 to comply with the Board's proposal. Testimony was also heard indicating that it could be dangerous for Garman's tenants to access their downstairs apartment and this situation could feasibly cause Garman to experience difficulty in finding tenants to rent the downstairs apartment. Garman estimated that she would receive $200 less per month if she were forced to rent the property as a single-family residence. Other evidence presented at trial indicates that only two accidents have occurred on Garman's street since 1979, and those accidents occurred at an intersection and not at mid-block locations. Testimony was also heard that generally, approximately half of the available on-street parking spaces are used.

In balancing the relative interests involved, we believe the evidence supports the finding that Garman's risk of loss would be greatly disproportionate to any risks of harm to other individuals or to the public as a whole.

3) Although the trial court erred in failing to state the proper standard for the third condition, the record is devoid of any evidence which indicates that the same exception would not be granted to all property owners similarly situated.

We believe that substantial evidence exists in the record to support the district court's ruling that the decision of the Ames Zoning Board of Adjustment should be reversed and the writ sustained. Accordingly, the City of Ames is directed to issue the retroactive conversion permit to plaintiff Teresa Garman.

AFFIRMED.