**CITY OF DES MOINES,**
**Iowa, Appellee,**

v.

**BOARD OF ADJUSTMENT OF the**
**CITY OF DES MOINES, Iowa,**
**Respondent,**

**and Sam's Riverside Auto Parts,**
**Inc., Appellant.**

**No. 88–1725.**

Court of Appeals of Iowa.

Oct. 5, 1989.

Louis Hockenberg and Kerry K. Anderson, of Wasker, Sullivan & Ward, Des Moines, for appellant.

Craig F. Graziano and F. Richard Lyford, of Dickinson, Throckmorton, Parker, Mannheimer & Raife, P.C., Des Moines, for appellee.

James E. Nervig, Asst. City Atty., Des Moines, for respondent.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Sam's Riverside Auto Parts, Inc., was granted a use variance by the Board of Adjustment (Board) of the City of Des Moines (City). The City filed a petition for writ of certiorari to the district court, which sustained the writ and entered judgment in favor of the City. Sam's now appeals from that judgment. Appellant claims the district court erred in ruling: 1) Sam's failed to show the property could not yield a reasonable return if used for a purpose permitted in an M–1 zone; 2) Sam's failed to show its plight was due to unique circumstances and not general conditions in the neighborhood; and 3) the Board's action was not supported by findings sufficient to determine the basis upon which the board acted. We affirm.

Sam's Riverside Auto Parts, Inc., ("Sam's"), owns property in Vandalia Acres, in the extreme southeastern part of Des Moines. This property is in an area zoned M–1—light industrial uses. M–1 is the second least restrictive zoning; M–2 is heavy industrial. Sam's is seeking a variance to use the property as a salvage yard, which is only permitted in M–2 zones after a conditional use permit is granted by the Board of Adjustment after a public hearing.

This M–1 zone covers about six city blocks in the southeastern part of the city. The zone is platted into rectangular lots slightly less than an acre. The area surrounding the zone is zoned M–2. Within the M–1 zone, there are a few existing salvage yards which were grandfathered in when the area was rezoned in 1958 from M–2 to M–1.

Sam's request for the variance was based on the argument the best use of the property was auto storage and wreckage and had previously been used that way. Sam's maintained that adjoining properties were used for the same purpose and therefore, the character of the neighborhood would not be affected by the variance. The Board of Adjustment agreed, finding the variance was in harmony with the intended spirit and purpose of the zoning ordinance because of similar usage.

The City of Des Moines filed a petition for writ of certiorari in the district court alleging the Board's action was illegal and improper because the decision was not supported by fact and the applicant failed to make the required showings under the City's ordinance and applicable provisions of Chapter 414 of the Code of Iowa. Sam's intervened. The court denied the City's motion for adjudication of law points which sought to limit the evidence received by the court to *only* a transcript of the proceedings before the Board and explanatory evidence related to matters in the writ. Instead, the court permitted the introduction of any additional evidence necessary to assist the court in determining the reasonableness and legality of the Board's action.

The court concluded the variance was illegal because Sam's failed to make the required showing of the three elements essential to establish unnecessary hardship,

either before the Board of Adjustment or the court. The district court determined the Board's action was also illegal because its one-sentence finding simply rephrased the third essential element of unnecessary hardship without explanation. The district court held these findings were not sufficient to enable a reviewing court to determine with reasonable certainty the factual basis and legal principles upon which the Board acted. Sam's now appeals.

The principles of judicial review in a zoning case were set forth in *Weldon v. Zoning Bd. of City of Des Moines*, 250 N.W.2d 396, 401 (Iowa 1977):

> [I]n a certiorari proceeding in a zoning case the district court finds the facts anew on the record made in the certiorari proceeding. That record will include the return to the writ and any additional evidence which may have been offered by the parties. However, the district court is not free to decide the case anew. Illegality of the challenged board action is established by reason of the court's findings of fact if they do not provide substantial support for the board decision. If the district court's findings of fact leave the reasonableness of the board's action open to a fair difference of opinion, the court may not substitute its decision for that of the board.

This court's scope of review on appeal from the trial court's judgment on a writ of certiorari is governed by Iowa Rule of Civil Procedure 318. *Garman v. Ames Zoning Bd. of Adjustment*, 436 N.W.2d 651, 653 (Iowa App.1988). We review the record to determine whether the trial court applied the correct legal standards and whether its decision is supported by substantial evidence. *Id.*

Iowa Code section 414.12(3) authorizes the Board of Adjustment to grant a variance if a literal enforcement of the ordinance will result in unnecessary hardship.

■ An applicant for a zoning variance has the burden of showing all of the following to establish unnecessary hardship:

(1) [T]he land in question cannot yield a reasonable return if used only for a purpose allowed in that zone;

(2) [T]he plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood, which may reflect the unreasonableness of the zoning ordinance itself; and

(3) [T]he use to be authorized by the variance will not alter the essential character of the locality.

*Greenawalt v. Zoning Bd. of Adjustment*, 345 N.W.2d 537, 542 (Iowa 1984); *Graziano v. Bd. of Adjustment*, 323 N.W.2d 233, 235–36 (Iowa 1982). A failure to show any one of the elements requires the Board to deny the application. *Greenawalt v. Zoning Bd. of Adjustment*, 345 N.W.2d at 542.

The appellant raises as error the district court's conclusion Sam's failed to show the property could not yield a reasonable return if used for a purpose permitted in an M–1 zone. While conceding a reasonable return is possible if an M–1 user were to locate on the property, Sam's argues this reasonable return is only theoretical because M–1 users do not find the area desirable and would not choose to locate there.

■ The M–1 classification is the second least restrictive zoning classification which includes all but a few uses only permitted in M–2 areas, such as salvage yards. The legal standard is not that more profit could be made if a variance is granted. The standard is a reasonable return *could not* be garnered from any permitted use. *Greenawalt v. Zoning Bd. of Adjustment*, 345 N.W.2d at 542; *Graziano v. Bd. of Adjustment*, 323 N.W.2d at 237 (emphasis added).

■ The trial court found there are a number of M–1 businesses of long duration in the area, both within the M–1 and M–2 zones. Although appellant introduced evidence before the trial court about unsuccessful attempts to rent the property, the trial court correctly found the testimony to be vague and unspecific.

Appellant's only expert witness testified a salvage yard was the highest and best use for this particular property. He defined a reasonable rate of return as the highest rate of return you could receive on

a particular piece of property. He concluded a salvage yard would yield the most reasonable rate of return.

A reasonable return is not shown by proving a greater profit can be made if the variance is granted. Appellant has applied the wrong standard. The trial court correctly concluded Sam's failed to sustain its burden to show the first essential element of unnecessary hardship.

A variance granted without the requisite showing of all three elements of unnecessary hardship is an illegal act. *Graziano v. Bd. of Adjustment*, 323 N.W.2d at 237. The variance is illegal.

We have considered the other arguments advanced by appellant and have determined none would change the conclusion we have reached.

The City of Des Moines urges this court to modify the scope of judicial review applied in municipal zoning cases to the traditional limited review of agency action in a contested case. We respectfully decline to accept the City's suggestion we restrict the scope of review for appeals of zoning decisions.

AFFIRMED.