# IN THE COURT OF APPEALS OF IOWA

No. 17-0536
Filed January 24, 2018

**SHOP N SAVE LLC d/b/a SHOP N SAVE #1,**
    Plaintiff-Appellant,

**vs.**

**CITY OF DES MOINES ZONING BOARD OF ADJUSTMENT,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.

Shop N Save LLC argues the City of Des Moines Zoning Board of Adjustment acted illegally in denying its application for a conditional use permit to operate a liquor store. **AFFIRMED.**

Alfredo Parrish and Adam C. Witosky of Parrish, Kruidenier, Dunn, Boles, Gribble, Gentry, Brown & Bergmann, L.L.P., Des Moines, for appellant.

Michelle Mackel-Wiederanders, Assistant City Attorney, for appellee.

Heard by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

Shop N Save LLC (Shop N Save) filed a certiorari action challenging the decision of the City of Des Moines Zoning Board of Adjustment (Board) denying it a conditional use permit (CUP) to operate a liquor store. The district court found substantial evidence supported the Board's denial of the CUP and affirmed. On appeal, Shop N Save argues the Board acted illegally in denying the CUP. Because substantial evidence supports the district court's decision, we affirm.

**I. Background Facts and Proceedings.**

This appeal concerns a Shop N Save convenience store located on Martin Luther King Jr. Parkway in Des Moines. The store operated as a limited food/retail sales establishment, which may derive no more than forty percent of its gross sale receipts from the sale of liquor, wine, beer, and tobacco products. In March 2015, Shop N Save applied for a CUP to operate as a liquor store, which would eliminate the store's limit on gross sales receipts from the sale of those products.

The Board considered Shop N Save's CUP request at an April 2015 meeting. The district court summarized the evidence presented:

> A City staff member issued a report recommending the denial of a permit for the Shop to operate as a liquor store and proposed a permit be issued allowing [Shop N Save] to continue to operate as a limited food/retail establishment. In addition, two residents living in close proximity to [Shop N Save] spoke in opposition of the issuance of a liquor store permit citing ongoing problems with noise, crime, and other concerns. Specifically, several residents spoke about [Shop N Save]'s property being littered with trash, liquor, and beer encroaching on the surrounding properties, windows rattling from loud music and other disturbances in the late hours of the morning, public urination, physical altercations, narcotics transactions, public intoxication, and trespassing. All of these issues occurring with [Shop N Save] having a more restricted sale of alcohol as a limited food/retail establishment. It was even reported young children had witnessed the instances of public urination on [Shop N Save]'s

premises. Numerous written comments were also submitted by neighbors in opposition of the liquor store permit, citing many of the same concerns and issues set forth previously. In addition, a neighborhood association adjacent to [Shop N Save] called Prospect Park voiced concerns for the granting of such a permit, noting the disruption liquor stores pose to residential neighborhoods.

The Board found Shop N Save failed to satisfy the criteria necessary for a liquor store CUP. In its April 28, 2015 decision and order, the Board specifically found,

> The subject property is in very close proximity to single family residential uses, as there is a residential property 45 feet to the north, 0 feet to the east, and 12 feet to the south. Thus, occupying the premise with a liquor store would not adequately safeguard the health, safety and general welfare of persons residing in the adjoining and surrounding residential area. Testimony provided by neighbors during the hearing, and concerns raised by the Prospect Park Neighborhood Association in a letter to the Board, demonstrated that the sale of alcoholic liquor on the premise recently and in the past has created a nuisance situation, including noise, trash and safety concerns.

The Board denied Shop N Save's application for a liquor store CUP.

In May 2015, Shop N Save petitioned for a writ of certiorari in the district court. *See* Iowa Code § 414.15 (2015). It argued the Board illegally denied it a liquor store CUP and asked that the court order the Board to issue the CUP. Following a November 2016 hearing, the district court found substantial evidence supported the Board's decision and affirmed its decision to deny Shop N Save the CUP. *See id.* § 414.18. Shop N Save appeals.

**II. Scope and Standard of Review.**

The district court may sustain a writ of certiorari where an inferior tribunal exercising judicial functions acts illegally. *See* Iowa Rs. Civ. P. 1.1401, 1.1411. A decision is illegal if substantial evidence does not support it. *See Bowman v. City*

*of Des Moines Mun. Hous. Agency*, 805 N.W.2d 790, 796 (Iowa 2011).  Evidence is substantial if it "would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance."  Iowa Code § 17A.19(10)(f)(1).

On appeal of a certiorari action, we review the district court's ruling for the correction of errors at law.  *See Bowman*, 805 N.W.2d at 796.  The court's action has the effect of a jury verdict.  *See Wells v. Dallas Cty. Bd. of Adjustment*, 475 N.W.2d 680, 682 (Iowa Ct. App. 1991).  Its fact findings are binding if a reasonable mind would accept the evidence as adequate to reach the same finding regardless of whether it could support contrary inferences.  *See id.*  We construe the court's findings broadly and liberally, and where ambiguous, we construe the findings to uphold—rather than defeat—the trial court's judgment.  *See id.*

**III. Discussion.**

The Board shall grant a CUP only if the business establishes the following criteria:

> 1. The business conforms with [zoning restrictions].
> 2. The proposed location, design, construction and operation of the particular use adequately safeguards the health, safety and general welfare of persons residing in the adjoining or surrounding residential area.
> 3. The business is sufficiently separated from the adjoining residential area by distance, landscaping, walls or structures to prevent any noise, vibration or light generated by the business from having a significant detrimental impact upon the adjoining residential uses.
> 4. The business will not unduly increase congestion on the streets in the adjoining residential area.
> 5. The operation of the business will not constitute a nuisance.

Des Moines, Iowa, Municipal Code § 134-954(b). "The failure to satisfy even one of the ordinance's conditions is fatal to a permit application." *W & G McKinney Farms, L.P. v. Dallas Cty. Bd. of Adjustment*, 674 N.W.2d 99, 103-04 (Iowa 2004). Shop N Save has the burden of proving all of these conditions were satisfied. *See id.*

The Board denied Shop N Save the liquor store CUP based on the store's proximity to single family residential uses, which it determined "would not adequately safeguard the health, safety and general welfare of persons residing in the adjoining and surrounding residential area." The Board also noted concerns voiced by residents of the area and the neighborhood association concerning the nuisance the sale of liquor created in the past, "including noise, trash and safety concerns." The district court found substantial evidence supported the Board's decision:

> At the hearing, multiple neighbors cited a plethora of disturbances and nuisances the sale of liquor by [Shop N Save] has caused. The property owners directly adjacent to [Shop N Save]'s premises recounted instances of public urination, violence, public drunkenness, and other disturbances in the late hours of the morning while [Shop N Save] has been in operation. Moreover, the court finds it compelling not a single party, other than [Shop N Save], spoke in favor of granting the liquor store permit.

Based on the "overwhelming evidence" before the Board, the district court found denying Shop N Save's application was "the only feasible option."

Shop N Save argues there is insufficient evidence to support a finding that issuance of a liquor store CUP will create a nuisance.[1] Specifically, it claims the

---

[1] Because Shop N Save has the burden of proving all grounds for issuing the CUP, it also makes arguments relating to the section 134-954(b)(2) requirement concerning "the health, safety and general welfare of persons residing in the adjoining or surrounding

Board relied on the "unsupported assumption" that imposing reasonable conditions on the store's operation would not curb the nuisance activity.[2]  Shop N Save also argues that "only four individuals" opposed issuing the permit and their opposition was the result of problems that arose under the prior owner.[3]

We find substantial evidence supports the findings that issuing Shop N Save a CUP to operate as a liquor store would create a nuisance.  Two neighbors of the Shop N Save attended the Board's meeting to speak in opposition to issuing the CUP.  They cited the amount of trash generated as a result of the store and complained the trash came onto their property.  There were also complaints concerning the noise the Shop N Save attracted causing their windows to rattle and Shop N Save customers urinating in public.  Loitering was a concern, with one neighbor explaining that customers waited for the Shop N Save to open and would sit in the grass or stand behind the building to drink.  In a written complaint, one neighbor cited problems of "trash, drunkenness, criminal behavior, vandalism, shootings, [and] drug dealing" existed with the Shop N Save's limited liquor sales and opined that "[e]asier access to alcohol will make it worse."  Another echoed

residential area" and the section 134-954(b)(3) requirement concerning noise, vibration, and light.  Because our finding that Shop N Save failed to meet its burden of showing the CUP would not create a nuisance is dispositive, we need not address the sufficiency of the evidence relating to the other requirements of section 134-954(b).

[2] In the same order denying Shop N Save's application for a liquor store CUP, the Board reissued a CUP allowing Shop N Save to continue to operate as a limited food and retail sales establishment, but with certain conditions.  Those conditions include requiring Shop N Save to close from 12:00 a.m. to 6:00 a.m. daily, eliminate signs advertising the sale of wine or beer that are visible outside of the building,  prohibit loitering, provide litter and trash receptacles inside and outside the premises, and illuminate parking areas provided to customers.  Shop N Save argues that imposing these same conditions on a liquor store CUP would eliminate the nuisance concerns.

[3] Shop N Save's ownership had purportedly changed sometime in the month leading up to the Board's meeting.

this sentiment. In an email to the Board, the neighborhood association detailed additional concerns about issuing Shop N Save a liquor store CUP:

> 1. The store is too close to the Freedom for Youth Center at 2301 Hickman. Freedom for Youth is a ministry offering education, training for employment and leadership, and aspect of faith. In short, [its] purpose is to help youth develop high moral standards and to contribute to society.
> 2. They had been shut down previously for selling synthetic marijuana. We don't believe that they have completely "turned around."
> 3. The owner lives out of town. He is unlikely to be overly concerned about his store's effect on the neighborhood.
> 4. The stores are located in a residential area. The city doesn't need liquor stores in residential areas. They should be restricted to business areas, and rezoning the area does not change its essential nature, which is residential.
> 5. The former Oasis, now know[n] as the Prospect Park Market, was forced to stop selling any alcohol products a month or two ago. The impact has been dramatic: no more gun shots at night, less litter, more people going in to actually buy a few groceries, snacks, pop, and such because they aren't afraid to go there. No more scary people in the area, slower traffic on Payne. No obvious drug trafficking in the parking lot. Getting alcohol out of the Stop N Saves will have similar affects.

In contrast, no one spoke in favor of granting Shop N Save a liquor store CUP.

Shop N Save claims the nuisance concerns were resolved with a change in ownership. At the Board meeting, it claimed the new owner would make changes and "does intend to . . . make the building look a lot better" and that "marked changes" would occur "pretty rapidly." However, Shop N Save failed to provide the Board with evidence to back up these aspirational claims. Rather, when the Board asked one of the neighbors about any changes that had occurred since the transfer of ownership, she stated she had not noticed any improvement. Is it possible that a reasonable person might conclude that the Shop N Save would make the adjustments necessary to alleviate the nuisance concerns that arose

under the previous owner?  Yes.  But the question before us is not whether there is evidence to support a finding opposite the one made by the Board; the question is whether the evidence supports the finding the Board made.  *See Bush v. Bd. of Trs.*, 522 N.W.2d 864, 866 (Iowa Ct. App. 1994).  It does.  Because we agree that substantial evidence supports the Board's decision and the Board did not act illegally in denying Shop N Save's application for a liquor store CUP, we affirm the district court's decision.

**AFFIRMED.**